DAVID E. MASTAGNI, ESQ. (SBN 204244)
davidm@mastagni.com
TAYLOR DAVIES-MAHAFFEY, ESQ. (SBN 327673)
tdavies-mahaffey@mastagni.com
AMANDA MCCARTHY (SBN 354058)
amccarthy@mastagni.com
**MASTAGNI HOLSTEDT, A.P.C.**
1912 I Street
Sacramento, California 95811-3151
Telephone:    (916) 446-4692
Facsimile:    (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GHALI, SAMIERDIN AHMADZAI, TREVOR BANTLEY, DYLAN BOTA, MICHAEL BRADANINI, TONY BROWN, MICHAEL CAMERA, SAM CARTER, SEAN DAILEY, TRISHA DIBERNARDO, LASHON EARNEST, TIMOTHY EMICK, SCOTT FINN, RYAN GARRETT, DANIEL GRUENEBERG, MILES HIGGINS, JONATHAN IRIZARRY, METIN KANIKAYNAR, ETHAN KOCHIS, JAYMES LAUGHLIN, EVAN LOOK, SEAN MALONEY, SHANE MANTOR, CRAIG MARTIN, KYLE MEANS, BENJAMIN MORENO, DYLAN REEVES, JASON SILVA, ERROL THOMAS SIMONITSCH, NICOLAS STEVENS, KEITH STONE, RUDY SULIVEN, JARRED TOMASINI, DEREK TRINIDADE, ZACHARY WERNKE, ZACHARY WHITE, DANIEL WUERTHNER, on behalf of themselves and all similarly situated individuals,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF HAYWARD,<br><br>    Defendants. | Case No.<br><br>**[COLLECTIVE ACTION]**<br><br>**COMPLAINT FOR:**<br>1. **Violations of the Fair Labor Standards Act (29 U.S.C. § 201** *et seq.***)** |

# I.

# INTRODUCTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA") 29 U.S.C. section 201, *et seq.*, to recover from Defendant CITY OF HAYWARD ("Defendant") unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees.

2. Plaintiffs ANDREW GHALI, SAMIERDIN AHMADZAI, TREVOR BANTLEY, DYLAN BOTA, MICHAEL BRADANINI, TONY BROWN, MICHAEL CAMERA, SAM CARTER, SEAN DAILEY, TRISHA DIBERNARDO, LASHON EARNEST, TIMOTHY EMICK, SCOTT FINN, RYAN GARRETT, DANIEL GRUENEBERG, MILES HIGGINS, JONATHAN IRIZARRY, METIN KANIKAYNAR, ETHAN KOCHIS, JAYMES LAUGHLIN, EVAN LOOK, SEAN MALONEY, SHANE MANTOR, CRAIG MARTIN, KYLE MEANS, BENJAMIN MORENO, DYLAN REEVES, JASON SILVA, ERROL THOMAS SIMONITSCH, NICOLAS STEVENS, KEITH STONE, RUDY SULIVEN, JARRED TOMASINI, DEREK TRINIDADE, ZACHARY WERNKE, ZACHARY WHITE, and DANIEL WUERTHNER ("Plaintiffs") bring a collective action seeking damages for unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees on behalf of themselves and all similarly situated current and former employees' of Defendant affected by Defendant's unlawful failure to include all statutorily required forms of compensation in the regular rate used to calculate overtime compensation for Plaintiffs and all similarly situated individuals.

3. Plaintiffs bring a collective action seeking damages for unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees on behalf of themselves and all similarly situated current and former employees' of Defendant within the bargaining unit represented by the International Association of Firefighters- Local 1909 ("Local 1909") who are or were affected by Defendant's use of an "hourly" methodology (29 C.F.R. § 778.110) rather than a "salary" methodology (29 C.F.R. § 778.113) to calculate the regular rate of pay for Plaintiffs and all similarly situated individuals, resulting in the systematic

underpayment of overtime owed.

4. Effective December 15, 2024, Defendants entered a tolling agreement with Plaintiffs tolling Plaintiffs' claims under the FLSA. FLSA claims have a three-year statute of limitations. Therefore, the relevant time period for Plaintiffs' claims is December 15, 2021 to present ("Relevant Time Period").

## II.

## PARTIES

5. Plaintiffs are or were employed by Defendant in non-exempt positions. During their employment, Plaintiffs were entitled to receive either Defendant's contributions to the City's Flexible Benefits Plan or receive cash-in-lieu of health benefits. Plaintiffs bring this action on behalf of themselves and all similarly situated individuals who Defendant failed to properly compensate for overtime hours worked within the Relevant Time Period.

6. Plaintiffs are or were employed by Defendant in non-exempt positions in classifications represented by Local 1909. Plaintiffs bring this action on behalf of themselves and all similarly situated individuals who Defendant failed to properly compensate for overtime hours worked within the Relevant Time Period.

7. Defendant implemented an illegal compensation computation method which undercounts Plaintiffs' regular rate of pay. Defendant's method of calculating Plaintiffs' regular rate of pay results, and has resulted in under-payment for overtime hours worked. Defendant suffered or permitted Plaintiffs to perform overtime work without proper compensation.

8. Defendant is a political subdivision of the State of California and employs or employed Plaintiffs.

## III.

## JURISDICTION

9. This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. sections 201, *et seq.*, to recover from Defendant unpaid overtime compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 and 29 U.S.C.

section 216(b), because this action is based on the FLSA.

11. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. section 207, *et seq*.

## IV.

## COLLECTIVE ACTION ALLEGATIONS

12. This action is brought by Plaintiffs as a collective action, on behalf of themselves and on behalf of all others similarly situated, under the provisions of 29 U.S.C. section 216, for damages, liquidated damages, a three-year statute of limitations, and relief incident and subordinate thereto, including costs and attorney fees.

13. Plaintiffs bring the First Claim for Relief on behalf of themselves and a class of all similarly situated individuals. The proposed class includes all individuals who, at any time the Relevant Time Period, were employed by Defendant in non-exempt positions, were entitled to receive either Defendant's contributions to the City's Flexible Benefits Plan or cash-in-lieu of health benefits, and worked overtime as defined by the FLSA (the "Class").

14. Plaintiffs bring the Second Claim for Relief on behalf of themselves and a subclass of all similarly situated individuals. The proposed subclass includes all individuals who, at any time during the Relevant Time Period, were employed by Defendant in non-exempt positions in classifications represented by the Local 1909, and worked overtime as defined by the FLSA (the "Firefighter Subclass").

15. On information and belief, the exact number of members of the Class, as identified and described above, is estimated to consist of well over forty individuals.

16. On information and belief, the exact number of members of the Firefighter Subclass, as identified and described above, is estimated to consist of well over forty individuals.

17. A collective action is a superior method for bringing this action in that there is a well-defined community of interest in the questions of law and fact.

18. Members of the Class and Firefighter Subclass are similarly situated and are subject to Defendant's common practices, policies, or plans of refusing to pay the required amount of overtime compensation in violation of the FLSA.

19. The identities of all members of the Class and Firefighter Subclass are readily ascertainable from Defendant's records, and notice can be provided to all Class and Firefighter Subclass members by conventional means such as U.S. mail, email, and workplace posting.

20. There are common questions of law and fact in this action relating to and affecting the rights of each member of the Class, including whether Defendant failed to fully compensate each individual for all overtime worked by not including Defendant's contribution to the individual's health insurance benefits or the cash received in lieu of that benefit in the regular rate of pay used to calculate overtime compensation. The relief sought is common to the entire Class.

21. There are common questions of law and fact in this action relating to and affecting the rights of each member of the Firefighter Subclass, including whether Defendant failed to fully compensate each individual for all overtime worked by improperly calculating each individual's regular rate of pay used to calculate overtime compensation by using an "hourly" methodology rather than a "salary" methodology. The relief sought is common to the entire Firefighter Subclass.

22. The attorneys for the Class and Firefighter Subclass members are experienced and capable in the field of the FLSA and labor and employment litigation and have successfully represented claimants in other litigation of this nature. Of the attorneys designated as counsel in this action, David E. Mastagni, Taylor Davies-Mahaffey, and Amanda McCarthy will actively conduct and be responsible for Plaintiffs' case herein.

23. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the Class and Firefighter Subclass would create a risk of adjudications with respect to individual members which may, as a practical matter, be dispositive of the interests of the other members not parties to those adjudications, or may substantially impair or impede their ability to protect their interests.

24. Since Class members and Firefighter Subclass members were/are subject to Defendant's common practices, policies, or plans of failing to compensate at the legally required rate in violation of the FLSA, this Court should conditionally certify the Class and Firefighter Subclass and authorize facilitated notice to similarly situated individuals pursuant to 29 U.S.C. section

216(b) and *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

25. On information and belief, the names and addresses of the Class and Firefighter Subclass members are available from Defendant, and notice should be provided by first class mail to their last known address, by electronic mail, and by workplace posting as soon as possible.

## V.
## FACTUAL ASSERTIONS

26. Plaintiffs are, or were, employed by the Defendant within the Relevant Time Period.

27. At all times relevant hereto, Defendant suffered or permitted Plaintiffs and other similarly situated individuals to work hours beyond statutory thresholds for overtime compensation required by the FLSA.

**A.  Defendant Excluded Certain Remunerations Thereby Undervaluing the regular rate of Pay for Members of the Class.**

28. At all times relevant hereto, Defendant impermissibly excluded certain remunerations thereby undervaluing the regular rate of pay, upon which all forms of Plaintiffs' overtime compensation are based.

29. Defendant's past and current practice of computing Plaintiffs' overtime rate has impermissibly reduced the amount being paid to Plaintiffs by failing to compute all statutorily-required amounts into Plaintiffs' regular rate of pay as defined by 29 U.S.C. section 207(e).

30. Pursuant to 29 U.S.C. section 207(e), the regular rate must include all remuneration received by an employee, unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. *Madison v. Resources for Human Development,* 233 F.3d 175, 187 (3rd. Cir. 2000).

   **i.  *Defendant Failed to Include Cash-in-Lieu of Health Care in the Regular Rate.***

31. As part of the compensation it provided Plaintiffs, Defendant paid Plaintiffs and other similarly situated individuals monetary compensation in lieu of contributing towards Defendant-provided health benefits coverage.

32. In calculating the regular rate for the purposes of overtime compensation, Defendant excluded the remunerations it paid Plaintiffs and similarly situated individuals in lieu of contributions

towards medical benefits.

33. At all times relevant hereto, Defendant placed no condition on use of these in-lieu payments.

34. At all times relevant hereto, Defendant treated these payments to Plaintiffs as wages for the purposes of applicable tax withholdings. Plaintiffs are informed and believe Defendant treated such payments to similarly situated individuals in the same manner.

35. Pursuant to 29 U.S.C. section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiffs' regular rate of pay.

36. 29 U.S.C. section 207(e)(2), which allows employers to exclude from the regular rate payments for periods where no work is performed, reasonable payments for traveling expenses or other expenses incurred by employees, and other similar payments which are not made as compensation for employees' work, does not allow Defendant to exclude monetary compensation paid to Plaintiffs, and similarly situated individuals, in lieu of contributions for medical benefits.

37. The same is true for 29 U.S.C. section 207(e)(4), which allows employers to exclude from the regular rate contributions they irrevocably make to a trustee or third person pursuant to a "bona fide plan" for providing health insurance benefits.

38. The Department of Labor's interpretation of the term "bona fide plan" is set forth in 29 C.F.R. section 778.215(a)(5), which states in part:

> The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, That if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in cash of all or a part of the amount standing to his credit.

39. In *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016), cert. denied 581 U.S. 972 (2017), the Ninth Circuit Court of Appeals held that payments to employees in lieu of health benefits were not excludable from the regular rate of pay under either 29 U.S.C. sections 207(e)(2) or (e)(4). With respect to the exclusion codified in section 207(e)(2) and its companion federal regulation, the court noted "[u]nder § 778.224(a), a payment may not be excluded from the

regular rate of pay pursuant to § 207(e)(2) if it is generally understood as compensation for work, even though the payment is not directly tied to specific hours worked by an employee." *Id.* Further, the court held that cash payments in lieu of health benefits are not excludable from the regular rate under 207(e)(4) because those payments were not made to a trustee or third party.

40. Plaintiffs and similarly situated individuals worked FLSA overtime during the limitations period covered by this Action.

41. Because the remunerations paid to Plaintiffs, and similarly situated individuals, in lieu of health benefits were not made for hours of non-work or, on information and belief, made pursuant to a bona benefit plan, they must be included in the regular rate of pay for determining overtime compensation as required by the FLSA.

42. At all times relevant hereto, Defendant through pattern and practice, did not include the monetary compensation it provided in lieu of health benefits into the regular rate of pay for the purposes of determining overtime compensation as required by the FLSA.

43. By excluding these in-lieu payments from the regular rate used to calculate overtime compensation paid to Plaintiffs and other similarly situated individuals, Defendant failed to pay them one and one-half times their regular rate of pay for all hours of overtime worked.

### ii. *Defendant's Flexible Benefit Plan is not a "Bona Fide" Plan".*

44. The court in *Flores*, *supra*, also held that when the total cash payments made directly to employees pursuant to a benefit plan are more than "incidental," the plan is not bona fide for the purposes of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215. 824 F.3d at 903; see also Regular Rate Under the Fair Labor Standards Act ("Final Rule"), 84 Fed. Reg. 68736-01, 68761 (Dec. 16, 2019) (affirming *Flores* and adopting the 20% threshold for "incidental" payments). Therefore, any contributions made on behalf of an employee towards the purchase of health benefits that are not made pursuant to a bona fide plan are required to be included in the calculation of the regular rate.

45. On information and belief, Defendant's total cash payments made directly to employees in lieu of health insurance or benefits were more than "incidental" during the limitations period covered by this action.

46. Defendant's health benefits plan is not bona fide for the purposes of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

47. Defendant's payments made on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits were not made pursuant to a bona fide plan within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

48. Payments made on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits are required to be included in the calculation of their overtime compensation.

49. Defendant's payments made on behalf of Plaintiffs and other similarly situated individuals towards the purchase of health benefits were not included in any employees' regular rate for the purposes of determining overtime compensation. As such, Defendant excluded such payments from their overtime compensation during the relevant time period.

50. By excluding certain items of remuneration from the regular rate of pay used to calculate the overtime compensation paid to Plaintiffs and other similarly situated individuals, including but not limited to cash in-lieu of health benefits and contributions towards the purchase of health benefits, Defendant failed to pay them one and one-half times their regular rate of pay for all hours of overtime they worked.

   iii. **_Defendant Failed to Cash Out Plaintiffs' Compensatory Time off at the Regular Rate of Pay._**

51. Likewise, by failing to include all remuneration in employees' regular rate of pay, Defendant failed to fully compensate Plaintiffs and similarly situated individuals for cashing out compensatory time off ("CTO").

52. Defendant has a policy of cashing out Plaintiffs' unused CTO at less than the rate required by 29 U.S.C. section 207(o)(3) and (4).

53. 29 U.S.C. section 207(o)(3)(B) requires that, if "compensation is paid to an employee for accrued compensatory time off, such compensation shall be paid at the regular rate earned by the employee at the time the employee receives such payment."

54. 29 U.S.C. section 207(o)(4) requires that, upon termination of employment, Plaintiffs must be

paid for unused CTO at a rate of compensation not less than the greater of "(A) the average regular rate received by such employee during the last 3 years of the employee's employment, or (B) the final regular rate received by such employee."

55. Plaintiffs are informed and believe and thereon allege that except for current and former members of the Hayward Police Officers' Association, Defendant has a City-wide practice of excluding payments in lieu of health care contributions and contributions made on employees' behalf towards the purchase of health benefits in the regular rate of pay used to pay out CTO accruals.

**B. Defendant Improperly Calculated the Regular Rate of Pay for Members of the Firefighter Subclass Using an "Hourly" Methodology Despite Their Status as "Salaried" Employees.**

56. Defendant systematically undercompensated Plaintiffs by calculating their regular rate of pay using an "hourly" methodology (29 C.F.R. § 778.110) rather than a "salary" methodology (29 C.F.R. § 778.113).

57. While the regular rate under the FLSA is a rate per hour, the FLSA does not require employers to compensate employees on an hourly rate basis - earnings may be computed on a piece-rate, salary, commission, or other basis. *See* 29 C.F.R. § 778.109. However, for purposes of providing overtime compensation, an hourly rate must still be derived from the chosen method of compensation.

58. Because Plaintiffs are employed on a salary basis, "the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113. Where the salary covers a period longer than a workweek such as a month, it must be reduced to its workweek equivalent. 29 C.F.R. § 778.l 13(b). In the case of employees subject to the partial overtime exemption pursuant to 29 U.S.C. section 207(k), their salary must be reduced to the applicable work period equivalent. 29 C.F.R. 553.233; *Lee v. Coahoma County, Miss*. 937 F. 2d 220, 224 (5th Cir.18 1991).

59. Plaintiffs are either assigned to a 40-hour or 56-hour weekly schedule. Plaintiffs on a 56-hour schedule perform fire suppression duties and work 48 hours on duty followed by 96 hours off

(commonly referred to as a "48/96" schedule).

60. Plaintiffs assigned to a 56-hour schedule are subject to the partial overtime exemption pursuant to 29 U.S.C. section 207(k). They are entitled to FLSA overtime whenever they work more than 212 hours in a 28-day period.

61. The number of hours intended to be compensated by a particular salary can be determined by reference to a collectively bargained agreement as well as the parties' actual practices.

62. Here, Firefighter Plaintiffs are compensated in the same manner as the firefighters in *Aaron v. City of Witchita, Kan.,* 54 F.3d 652, 655 (10th Cir. 1995), wherein firefighters on 56-hour work week schedule were paid according to a collectively bargained base salary. *See also Sharpe v. Cureton*, 319 F.3d 259, 271 (6th Cir. 2003) (same); *Singer v. City of Waco, TX.*, 324 F.3d 813, 824 (5th Cir. 2003).

63. In *Aaron,* the Tenth Circuit held that a collective bargaining agreement's salary scheme that compensated firefighters for a set schedule that included some regularly scheduled overtime hours evidenced salary-based compensation and applied the section 778.113 methodology to determine the "regular rate." *Id.* at 658-59. The court noted the plaintiffs "were paid a predetermined amount constituting at least part of their compensation" and "[t]he MOAs and the salary ordinances set a biweekly salary" in reaching the conclusion the plaintiffs "were paid on a salary basis." *Id.* The same is true here.

64. The Memorandum of Understanding between Defendant and Local 1909 ("MOU") is replete with references to the "salary." (A true and correct copy of the current MOU is attached hereto as Exhibit A.) Indeed, the section of the MOU that controls their wages is entitled "Salaries."

65. The City also maintains a "Salary Schedule" that speaks in terms of annual salaries. (A true and correct copy of the current Salary Schedule is attached hereto as Exhibit B.) The Salary Schedule reflects identical salaries for the Firefighter classifications regardless of whether assigned a 40- or 56-hour regular work schedule.

66. The Salary Schedule reflects an effective, base hourly rate derived from the division of the salary by the number hours it is intended to compensate that changes based on the number of hours regularly assigned these Plaintiffs.

67. Thus, the references to "hourly rates" in the Salary Schedule do not affect Plaintiffs' status as salaried employee. *See Martinez v. Hilton Hotels Corp.,* 930 F. Supp. 2d 508, 523 (2013). Tellingly, the Salary Schedule provides an "hourly rate" for all employees, both exempt and non-exempt, including but not limited to the City Attorney, City Manager, and Fire Chief, confirming the use of an "hourly rate" does not control whether or not City employees are employed on a salaried basis.

68. In addition to the compelling documentary evidence, the parties' actual practice is dispositive – Plaintiffs are compensated on a salaried basis. The salaries received by Plaintiffs on a 56-hour schedule are intended to compensate them for 2,920 hours annually (i.e., the number of regularly scheduled hours in a year for a firefighter). The practical effect of the 48/96 schedule coupled with the 28-day work period adopted by Defendant leads to work periods in which Plaintiffs are scheduled to work either 216 hours or 240 hours. However, regardless of the number of hours in the work period, Plaintiffs receive the same pre-determined amount of compensation each pay period.

69. Significantly, 216 hours and 240 hours are 4 and 28 hours above the statutory threshold of 212 hours for a 28-day work period respectively. *See* 29 C.F.R. § 553.230. Accordingly, Defendant pays Plaintiffs premium overtime compensation at half their respective regular rate for the regularly scheduled overtime because they have already been paid the straight time portion for those hours (i.e., 4 or 28) with their salary. All hours worked in excess of Plaintiffs' regular schedules are paid at time and one-half (1.5) their base rate.

70. Despite the above-referenced language and evidence, Defendant has systematically undercompensated Plaintiffs for their FLSA overtime by using the "hourly" methodology under 29 C.F.R. 778.110 to determine any additional FLSA overtime owed. Under this method, the City determines the overtime rate by dividing total pay earned by total hours worked and multiplying this number by .5. This method improperly reduces Plaintiffs' overtime rate by more than two thirds.

71. The regular rate is an "actual fact" that flows as a "matter of mathematical calculation" from the amount and mode of compensation, not an "arbitrary label." *Walling v. Youngerman-Reynolds*

*Hardware Co.*, 325 U.S. 419, 424. It cannot "be left to a declaration by the parties as to what is to be treated as the regular rate for an employee; it must be drawn from what happens under the employment contract." 29 C.F.R. 778.108 citing *Bay Ridge Operating Co. V. Aaron*, 334 U.S. 446, 464.

72. Given that Plaintiffs are salaried employees Defendant is obligated to compensate them for unpaid wages accordingly (i.e., half the regular rate of pay for scheduled overtime hours, and one and one-half the regular rate of pay for non-scheduled overtime hours).

73. Defendant's undercalculation of overtime rates is exemplified by its treatment of incentive earnings paid as percentage increase in salary. For example, Plaintiffs are entitled to education incentives, including but not limited to, "two and one-half percent (2.5%) above the salary step currently held" for an associate degree in Fire Science, and "five percent (5%) above the salary step currently held" for a bachelor's degree.

74. Despite the plain contract language requiring a specified percentage increase in Plaintiffs' salaries as remuneration for these incentives, Defendant only pays overtime on these incentives using a .5 multiplier.

75. For example, if a Plaintiff's base salary results in a base rate of $50/hr and receives a 5% education incentive, their regular rate of pay should be $52.50/hr ($50 + $2.50), and the overtime rate should be $78.75/hr ($52.50 x 1.5). The incentive payment should increase their overtime rate of pay by $3.75 per hour ($2.50 x 1.5). However, Defendant's compensation practice calculates that incentive as increase the overtime rate of pay by only $1.25 per hour ($2.50 x .5). As a result, Defendant would systematically underpays the employee by $2.50 for each FLSA overtime hour worked.

**C. Defendant Willfully and Knowingly Violated the FLSA.**

76. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct regular rate of pay in calculating overtime compensation owed to Plaintiffs and similarly situated individuals.

77. Plaintiffs are informed and believe and thereon allege Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to exclude

remunerations from the calculation of Plaintiffs' and similarly situated individuals' regular rate of pay.

78. Defendant's continuing failure to properly compensate Plaintiffs and similarly situated individuals was not in good faith and is a willful violation of the FLSA.

79. As a result of the violations of the FLSA alleged herein, Plaintiffs seek damages for lost overtime compensation and undervalued cash outs of CTO, as well as liquidated damages. Plaintiffs seek these damages for the entire period of time Defendant has engaged in said unlawful and willful conduct, up to three years prior to the effective date of the tolling agreement, as prescribed by the FLSA.

80. Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## FIRST CLAIM FOR RELIEF

**Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned**

**[29 U.S.C. 201 *et. seq.*]**

**(Brought by Plaintiffs on Behalf of the Class)**

81. Plaintiffs, on behalf of themselves and the Class, incorporate by reference each and every paragraph above inclusive as though set forth fully herein.

82. Defendant suffered or permitted Plaintiffs, and on information and belief other similarly situated individuals, to work overtime but failed to include all required forms of compensation into the regular rate of pay used to calculate their overtime compensation and CTO cashout payments.

83. By failing to include all requisite forms of compensation in the regular rate of pay used to calculate overtime compensation and CTO cashout payments, Defendant failed to compensate Plaintiffs and similarly situated individuals at one and one-half times the regular rate of pay for all overtime hours as required by the FLSA.

84. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs and similarly situated individuals for all hours worked at one and one-half times the regular rate of pay as required by the FLSA.

85. At all times relevant hereto, Defendant and its agents and representatives knew or should have known of their obligations to pay Plaintiffs and similarly situated individuals overtime

compensation at one and one-half times their regular rate of pay for all hours worked in excess of the applicable maximum weekly hours established by section 207 of the FLSA.

86. At all times relevant hereto, Defendant's failure to fully compensate Plaintiffs for all hours worked was not in good faith, and was a willful violation of the FLSA.

87. As a result of the violations of the FLSA as herein enumerated, Plaintiffs seek damages for three years' back pay of overtime compensation that was earned but unpaid, as well as an equal amount in liquidated damages.

88. Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## SECOND CLAIM FOR RELIEF

### Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned

### [29 U.S.C. 201 *et. seq.*]

### (Brought by Plaintiffs on Behalf of the Firefighter Subclass)

89. Plaintiffs, on behalf of themselves and the Firefighter Subclass, incorporate by reference each and every paragraph above inclusive as though set forth fully herein.

90. Defendant suffered or permitted Plaintiffs, and on information and belief other similarly situated individuals, to work overtime but failed to properly calculate the regular rate of pay used to determine their overtime compensation and CTO cashout payments.

91. By using an "hourly" methodology (29 C.F.R. § 778.110) rather than a "salary" methodology (29 C.F.R. § 778.113) to determine the regular rate of pay used to calculate overtime compensation and CTO cashout payments, Defendant failed to compensate Plaintiffs and similarly situated individuals at one and one-half times the regular rate of pay for all overtime hours as required by the FLSA.

92. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs and similarly situated individuals for all hours worked at one and one-half times the regular rate of pay as required by the FLSA.

93. At all times relevant hereto, Defendant and its agents and representatives knew or should have known of their obligations to pay Plaintiffs and similarly situated individuals overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess

of the applicable maximum weekly hours established by section 207 of the FLSA.

94. At all times relevant hereto, Defendant's failure to fully compensate Plaintiffs for all hours worked was not in good faith, and was a willful violation of the FLSA.

95. As a result of the violations of the FLSA as herein enumerated, Plaintiffs seek damages for three years' back pay of overtime compensation that was earned but unpaid, as well as an equal amount in liquidated damages.

96. Plaintiffs also seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for Plaintiffs and all similarly situated individuals pursuant to 29 U.S.C. section 216(b);

2. For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, and therefore Plaintiffs are entitled to recover damages under a three-year statute of limitations;

3. For reasonable attorney fees pursuant to 29 U.S.C. section 216(b);

4. For costs incurred as a result of this proceeding;

5. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable compensation policies to conform with the FLSA;

6. For conditional certification of the collective Class and Firefighter Subclass as pled;

7. For an order to timely notify all potential collective Class and Firefighter Subclass members of this action;

8. For such other and further relief as the Court deems just and proper.

///
///
///
///

DATED: February 3, 2025            **MASTAGNI HOLSTEDT, A.P.C.**

                                         */s/ David E. Mastagni*
                                       DAVID E. MASTAGNI
                                       TAYLOR DAVIES-MAHAFFEY
                                       AMANDA R. MCCARTHY
                                       Attorneys for Plaintiffs