Lisa S. Charbonneau, Bar No. 245906
lcharbonneau@lcwlegal.com
Alexandra Clark, Bar No. 352262
alexandraclark@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone:    415.512.3000
Facsimile:    415.856.0306

Michael S. Lawson, City Attorney, Bar No. 048172
Michael.Lawson@hayward-ca.gov
Sangeetha Waltz, Deputy City Attorney, Bar No. 255068
Sangeetha.Waltz@hayward-ca.gov
CITY OF HAYWARD
777 B. St., 4th Floor
Hayward, CA 94541
Telephone: (510)583-4450

Attorneys for Defendant CITY OF HAYWARD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| ANDREW GHALI, SAMIERDIN AHMADZAI, TREVOR BANTLEY, DYLAN BOTA, MICHAEL BRADANINI, TONY BROWN, MICHAEL CAMERA, SAM CARTER, SEAN DAILEY, TRISHA DIBERNARDO, LASHON EARNEST, TIMOTHY EMICK, SCOTT FINN, RYAN GARRETT, DANIEL GRUENEBERG, MILES HIGGINS, JONATHAN IRIZARRY, METIN KANIKAYNAR, ETHAN KOCHIS, JAYMES LAUGHLIN, EVAN LOOK, SEAN MALONEY, SHANE MANTOR, CRAIG MARTIN, KYLE MEANS, BENJAMIN MORENO, DYLAN REEVES, JASON SILVA, ERROL THOMAS SIMONITSCH, NICOLAS STEVENS, KEITH STONE, RUDY SULIVEN, JARRED TOMASINI, DEREK TRINIDADE, ZACHARY WERNKE, ZACHARY WHITE, DANIEL WUERTHNER, on behalf of themselves and all similarly situated individuals, | Case No.:  4:25-CV-01116-YGR<br><br>Complaint Filed: February 3, 2025<br><br>**DEFENDANT CITY OF HAYWARD'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Plaintiff,

v.

CITY OF HAYWARD,

Defendant.

Defendant CITY OF HAYWARD ("Defendant" or "City") hereby answers Plaintiffs ANDREW GHALI, SAMIERDIN AHMADZAI, TREVOR BANTLEY, DYLAN BOTA, MICHAEL BRADANINI, TONY BROWN, MICHAEL CAMERA, SAM CARTER, SEAN DAILEY, TRISHA DIBERNARDO, LASHON EARNEST, TIMOTHY EMICK, SCOTT FINN, RYAN GARRETT, DANIEL GRUENEBERG, MILES HIGGINS, JONATHAN IRIZARRY, METIN KANIKAYNAR, ETHAN KOCHIS, JAYMES LAUGHLIN, EVAN LOOK, SEAN MALONEY, SHANE MANTOR, CRAIG MARTIN, KYLE MEANS, BENJAMIN MORENO, DYLAN REEVES, JASON SILVA, ERROL THOMAS SIMONITSCH, NICOLAS STEVENS, KEITH STONE, RUDY SULIVEN, JARRED TOMASINI, DEREK TRINIDADE, ZACHARY WERNKE, ZACHARY WHITE, DANIEL WUERTHNER'S ("Plaintiffs") Complaint for Damages ("Complaint") as follows.

## INTRODUCTION

1. Answering paragraph 1 of the Complaint, Defendant City of Hayward admits that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, et seq., but denies that Plaintiff is entitled to any relief thereunder, including unpaid overtime, other compensation, interest, liquidated damages, costs, or attorney's fees.

2. Answering paragraph 2 of the Complaint, Defendant City of Hayward admits that Plaintiffs Andrew Ghali, Samierdin Ahmadzai, Trevor Bantley, Dylan Bota, Michael Bradanini, Tony Brown, Michael Camera, Sam Carter, Sean Dailey, Trisha Dibernardo, Lashon Earnest, Timothy Emick, Scott Finn, Ryan Garrett, Daniel Gruenebe Rg, Miles Higgins, Jonathan Irizarry, Metin Kanikaynar, Ethan Kochis,

2

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Jaymes Laughlin, Evan Look, Sean Maloney, Shane Mantor, Craig Martin, Kyle Means, Benjamin Moreno, Dylan Reeves, Jason Silva, Errol Thomas Simonitsch, Nicolas Stevens, Keith Stone, Rudy Suliven, Jarred Tomasini, Derek Trinidade, Zachary Wernke, Zachary White, and Daniel Wuerthner purport to bring a collective action on behalf of themselves and other similarly situated individuals under the FLSA. Defendant denies that it engaged in any unlawful conduct, denies that it failed to properly calculate overtime compensation, and denies that Plaintiffs or any other individuals are entitled to damages, interest, liquidated damages, costs, or attorney's fees.

3. Paragraph 3 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 3 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to these allegations and, on that basis, denies them – except Defendant City of Hayward admits that Plaintiffs purport to bring a collective action on behalf of themselves and other similarly situated current and former employees within the bargaining unit represented by the International Association of Firefighters – Local 1909 ("Local 1909").

4. Answering paragraph 4 of the Complaint, Defendant City of Hayward admits entering into a tolling agreement with Plaintiffs tolling certain claims under the FLSA, however, Defendant lacks sufficient knowledge or information to respond to the allegation regarding the "effective date" of any such agreement and on that basis denies that allegation.  Defendant City of Hayward further admits that FLSA claims may be subject to a three-year statute of limitations. Defendant City of Hayward denies that Plaintiffs are entitled to any relief for the time period alleged and denies the characterization of the "Relevant Time Period" as stated.

## PARTIES

5. Answering paragraph 5 of the Complaint, Defendant City of Hayward lacks sufficient knowledge or information to admit or deny whether Plaintiffs are or were employed in

3

non-exempt positions and whether Plaintiffs were entitled to receive Defendant's contributions to the City's Flexible Benefits Plan or receive cash in lieu of health benefits, and on that basis denies the allegations in paragraph 5 – except that Defendant admits that Plaintiff Andrew Ghali is employed in a non-exempt position and is subject to the terms of the memorandum of understanding between the City and Local 1909, and Defendant City of Hayward denies that it failed to properly compensate any employee for overtime hours worked for the time period alleged.

6. Answering paragraph 6 of the Complaint, Defendant City of Hayward lacks sufficient knowledge or information to admit or deny whether Plaintiffs are or were employed in non-exempt positions in classifications represented by Local 1909, and on that basis denies the allegations in paragraph 6 – except that Defendant admits that Plaintiff Andrew Ghali is currently employed in the non-exempt position of Fire Captain, which is a classification represented by Local 1909, and Defendant City of Hayward denies that it failed to properly compensate any employee for overtime hours worked for the time period alleged.

7. Answering paragraph 7 of the Complaint, Defendant City of Hayward denies that it implemented an illegal compensation computation method or that it undercounted Plaintiffs' regular rate of pay. Defendant City of Hayward further denies that its method of calculating the regular rate of pay has resulted in any underpayment for overtime hours worked. Defendant City of Hayward also denies that it suffered or permitted Plaintiffs to perform overtime work without proper compensation.

8. Answering paragraph 8 of the Complaint, Defendant City of Hayward admits that it is a political subdivision of the State of California. Defendant City of Hayward lacks sufficient knowledge or information to admit or deny whether Defendant City of Hayward employs or employed Plaintiffs – except that Defendant admits that Plaintiff Andrew Ghali is employed by the City.

//

//

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

DEFENDANT CITY OF HAYWARD'S ANSWER TO PLAINTIFFS' COMPLAINT; 4:25-CV-01116-YGR
12895161.5 HA451-052

**JURISDICTION**

9. Answering paragraph 9 of the Complaint, Defendant City of Hayward admits that Plaintiffs purport to bring this action pursuant to the FLSA, 29 U.S.C. sections 201, *et seq.*, but denies that Plaintiffs are entitled to any recovery, including unpaid overtime compensation, interest, liquidated damages, costs of suit, or reasonable attorney fees. Except as expressly admitted, Defendant City of Hayward denies each and every remaining allegation in Paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, Defendant City of Hayward admits that this Court has jurisdiction over claims brought under the FLSA pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 216(b).

11. Answering paragraph 11 of the Complaint, Defendant City of Hayward admits that this Court has subject matter jurisdiction over claims asserted under 29 U.S.C. section 207, *et seq.,* to the extent such claims are properly pled and within the Court's jurisdiction..

**COLLECTIVE ACTION ALLEGATIONS**

12. Answering paragraph 12 of the Complaint, Defendant City of Hayward admits that Plaintiffs purport to bring this action as a collective action under 29 U.S.C. section 216, on behalf of themselves and others allegedly similarly situated. Defendant City of Hayward denies that this action meets the requirements for collective action treatment, denies that Plaintiffs or any others are entitled to damages, liquidated damages, a three-year statute of limitations, or any other relief including costs or attorney fees.

13. Answering paragraph 13 of the Complaint, Defendant City of Hayward admits that Plaintiffs purport to bring the First Claim for Relief on behalf of themselves and a proposed class of similarly situated individuals. Defendant City of Hayward denies that this action satisfies the legal requirements for certification as a collective action under the FLSA. Defendant City of Hayward further denies that it failed to properly compensate any employee who received contributions to the City's Flexible Benefits Plan or cash-in-lieu of health benefits and worked overtime as defined by the FLSA.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

14.  Answering paragraph 14 of the Complaint, Defendant City of Hayward admits that Plaintiffs purport to bring the Second Claim for Relief on behalf of themselves and a proposed subclass of similarly situated individuals referred to as the "Firefighter Subclass." Defendant City of Hayward denies that the proposed subclass meets the requirements for collective action treatment under the FLSA. Defendant City of Hayward further denies that it failed to properly compensate any individuals employed in non-exempt positions represented by Local 1909 who worked overtime as defined by the FLSA.

15. Defendant City of Hayward lacks sufficient knowledge or information to admit or deny the exact number of individuals Plaintiffs purport to include in the proposed Class and, on that basis, denies the allegations in paragraph 15 of the Complaint. Defendant City of Hayward further denies that the proposed Class is appropriate for collective action treatment.

16. Defendant City of Hayward lacks sufficient knowledge or information to admit or deny the exact number of individuals Plaintiffs purport to include in the proposed Firefighter Subclass and, on that basis, denies the allegations in paragraph 16 of the Complaint. Defendant City of Hayward further denies that the proposed Firefighter Subclass is appropriate for collective action treatment. Except as expressly admitted, Defendant City of Hayward denies each and every remaining allegation in paragraph 16 of the Complaint.

17. Defendant City of Hayward denies that a collective action is a superior method for adjudicating Plaintiffs' claims. Defendant City of Hayward further denies that there exists a well-defined community of interest in the questions of law and fact as alleged.

18. Defendant City of Hayward denies that members of the proposed Class and Firefighter Subclass are similarly situated or that they are subject to any common unlawful practices, policies, or plans. Defendant City of Hayward further denies that it has refused to pay the required amount of overtime compensation in violation of the FLSA.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

19. Defendant City of Hayward denies that the identities of all members of the proposed Class and Firefighter Subclass are readily ascertainable as alleged. Defendant City of Hayward further denies that notice can or should be provided to any such individuals, or that Plaintiffs are entitled to pursue this action as a collective action.

20. Defendant City of Hayward denies that there are common questions of law and fact in this action that are applicable to each purported member of the proposed Class. Defendant City of Hayward further denies that it failed to fully compensate any individual for overtime worked or that it improperly excluded health insurance contributions or cash-in-lieu payments from the regular rate of pay used to calculate overtime compensation. Defendant City of Hayward also denies that the relief sought is appropriate or common to the entire Class.

21. Defendant City of Hayward denies that there are common questions of law and fact in this action that relate to or affect the rights of each purported member of the proposed Firefighter Subclass. Defendant City of Hayward further denies that it failed to fully compensate any individual for overtime worked or that it improperly calculated the regular rate of pay by using an "hourly" methodology rather than a "salary" methodology. Defendant City of Hayward also denies that the relief sought is appropriate or common to the entire Firefighter Subclass.

22. Defendant City of Hayward lacks sufficient knowledge or information to admit or deny the qualifications, experience, or prior litigation success of Plaintiffs' counsel, including David E. Mastagni, Taylor Davies-Mahaffey, and Amanda McCarthy, and on that basis denies the allegations in paragraph 22 of the Complaint.

23. Defendant City of Hayward denies that this action is properly maintained as a collective action. Defendant City of Hayward further denies that prosecution of separate actions by individual members of the proposed Class or Firefighter Subclass would create a risk of adjudications that would be dispositive of, or impair, the rights or interests of others not parties to such adjudications.

//

24. Defendant City of Hayward denies that members of the proposed Class and Firefighter Subclass were or are subject to any common unlawful practices, policies, or plans. Defendant City of Hayward further denies that it failed to compensate any individuals at the legally required rate in violation of the FLSA. Defendant City of Hayward also denies that conditional certification is appropriate or that facilitated notice should be authorized under 29 U.S.C. section 216(b) or *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

25. Defendant City of Hayward lacks sufficient knowledge or information to admit or deny whether Plaintiffs have accurately identified the names and addresses of all individuals they purport to include in the proposed Class and Firefighter Subclass, and on that basis denies the allegations in paragraph 25. Defendant City of Hayward further denies that notice should be provided by any means, including first class mail, electronic mail, or workplace posting, or that conditional certification is appropriate.

## FACTUAL ASSERTIONS

27. Defendant City of Hayward lacks sufficient knowledge or information to admit or deny whether Defendant City of Hayward employs or employed Plaintiffs – except that Defendant admits that Plaintiff Andrew Ghali is employed by the City. Defendant City of Hayward further admits Plaintiff Andrew Ghali and other non-exempt employees at the City have worked hours in excess of applicable statutory overtime thresholds from time to time.  To the extent paragraph 27 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

28. Defendant City of Hayward denies that it impermissibly excluded any remunerations from or undervalued the regular rate of pay upon which Plaintiffs' overtime compensation was based. To the extent paragraph 28 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

//

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

29. Defendant City of Hayward denies that its past or current practices for computing Plaintiffs' overtime rates impermissibly reduced the amount paid to Plaintiffs. Defendant City of Hayward further denies that it failed to include all statutorily required amounts in the regular rate of pay as defined by 29 U.S.C. section 207(e). To the extent paragraph 29 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

30. Paragraph 30 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 30 contains factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those allegations.

31. Defendant City of Hayward admits that City employees may receive monetary compensation if they opt-out of the City's medical insurance plan, subject to conditions set forth in the employee's applicable labor agreement or benefits plan. To the extent paragraph 31 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

32. Defendant City of Hayward denies that it improperly excluded remuneration paid to Plaintiffs and similarly situated individuals in lieu of contributions toward medical benefits when calculating the regular rate for purposes of overtime compensation. To the extent paragraph 32 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

33. Paragraph 33 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 30 contains factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those allegations – except that Defendant admits that the City has no knowledge as to how employees use

9

compensation paid to employees for opting out of the City's medical insurance plan.[1][sw2]

34. Defendant City of Hayward admits that the City treats compensation paid to employees for opting out of the City's medical insurance plan as taxable wages. To the extent paragraph 34 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those allegations.

35. Paragraph 35 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 35 contains factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those allegations.

36. Paragraph 36 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 36 contains factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those allegations.

37. Paragraph 37 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond. To the extent paragraph 37 contains factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those allegations.

38. Paragraph 38 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond. To the extent paragraph 38 contains factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those allegations.

39. Paragraph 39 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond. To the extent paragraph 39 contains factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

10

allegations.

40. Defendant City of Hayward admits that, at times during the limitations period covered by this action, individuals employed as firefighters by the City worked hours that qualified as overtime under the FLSA. To the extent paragraph 40 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

41. Paragraph 41 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 41 contains factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those allegations.

42.  Defendant City of Hayward denies that it engaged in any pattern or practice of excluding monetary compensation paid in lieu of health benefits from firefighter overtime compensation in violation of the FLSA. Defendant City of Hayward further denies that it failed to comply with any legal obligation related to the calculation of overtime compensation. To the extent paragraph 42 contains additional factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those allegations.

43. Paragraph 43 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 43 contains factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those allegations – except that Defendant City of Hayward denies it failed to comply with any legal obligation related to the calculation of overtime compensation.  .

44. Paragraph 44 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 44 contains factual allegations, Defendant lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies those

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

11

allegations.

45. Defendant City of Hayward denies that its total cash payments made directly to employees in lieu of health insurance or benefits were more than "incidental" as defined under applicable law during the limitations period covered by this action. To the extent paragraph 45 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

46. Paragraph 46 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 46 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

47. Paragraph 47 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 47 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

48. Paragraph 48 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 48 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

49. Defendant City of Hayward admits that employer contributions to its medical insurance plan are not included in employee overtime compensation calculations.  To the extent paragraph 49 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

//

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

12

50. Paragraph 50 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 50 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them – except that Defendant City of Hayward denies it failed to comply with any legal obligation related to the calculation of overtime compensation.

51. Paragraph 51 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 51 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them – except that Defendant City of Hayward denies it failed to comply with any legal obligation related to the payment of cash for unused compensatory time off (CTO).

52. Paragraph 52 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 52 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them – except that City of Hayward denies that it has a policy of cashing out Plaintiffs' unused CTO at less than the rate required by 29 U.S.C. section 207(o)(3) and (4).

53. Paragraph 53 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 53 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

54. Paragraph 54 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 54 contains factual allegations, Defendant City of Hayward lacks

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

13

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

55. Paragraph 55 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 55 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis denies them – except that Defendant admits that employer contributions to its medical insurance plan are not included in any employees' overtime compensation calculation.

56. Paragraph 56 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 56 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

57.  Paragraph 57 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 57 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

58. Paragraph 58 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond.  To the extent paragraph 58 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

59. Defendant City of Hayward admits that City firefighters are assigned to various work schedules, and that some work a "48/96" shift pattern, consisting of 48 hours on duty followed by 96 hours off.  To the extent paragraph 59 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

14

60. Paragraph 60 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond. To the extent paragraph 60 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

61. Paragraph 61 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond. To the extent paragraph 61 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

62. Paragraph 62 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant City of Hayward is not required to respond. To the extent paragraph 62 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

63. Paragraph 63 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 63 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

64. Defendant City of Hayward admits that the Memorandum of Understanding ("MOU") between Defendant and Local 1909 contains references to "salary," and that the section addressing employee compensation is titled "Salaries." Defendant City of Hayward further admits that a copy of the current MOU is attached to the Complaint as Exhibit A. To the extent paragraph 64 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

65. Defendant City of Hayward admits that it maintains a Salary Schedule that references hourly rates, bi-weekly rates, monthly rates, and annual rates. Defendant City of

15

12895161.5 HA451-052

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Hayward further admits that a copy of the current Salary Schedule is attached to the Complaint as Exhibit B[SW3]. Defendant City of Hayward denies that the Salary Schedule reflects identical salary rates for the firefighter classifications. To the extent paragraph 65 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

66. Defendant City of Hayward admits that for the firefighter classifications, the Salary Schedule reflects an hourly rate, which, when multiplied by the number of hours the employee is scheduled to work each year, equals the annual salary rate[4][SW5]. To the extent paragraph 66 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

67. Paragraph 67 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 67 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them – except that Defendant City of Hayward admits that the Salary Schedule shows hourly rates, bi-weekly rates, monthly rates, and annual rates for all classifications.

68. Paragraph 68 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 68 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

69. Paragraph 69 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 69 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

70. Paragraph 70 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 70

16

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

71. Paragraph 71 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond.  To the extent paragraph 71 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

72. Paragraph 72 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond.  To the extent paragraph 72 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

73. Defendant City of Hayward admits that the Local 1909 MOU Provides for a 2.5% incentive pay for an associate degree in Fire Science and 5% for a bachelor's degree[6][sw7]. To the extent paragraph 73 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

74. Paragraph 74 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond.  To the extent paragraph 74 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

75. Paragraph 75 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond.  To the extent paragraph 75 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them – except that Defendant denies paying employees less overtime than required by the FLSA.

76. Defendant City of Hayward lacks sufficient knowledge or information to respond to the allegations in paragraph 76 and, on that basis, denies them.

77. Paragraph 77 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond.  To the extent paragraph 77

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

17

contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

78. Paragraph 78 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 78 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

79. Defendant City of Hayward admits that Plaintiffs purport to seek damages for alleged lost overtime compensation, undervalued CTO cash outs, liquidated damages, and related relief for a period of up to three years prior to the effective date of the tolling agreement, as prescribed by the FLSA. Defendant City of Hayward denies that it violated the FLSA or engaged in any unlawful or willful conduct. Defendant City of Hayward further denies that Plaintiffs are entitled to any of the relief sought. To the extent paragraph 79 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

80. Defendant City of Hayward admits that Plaintiffs purport to seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b). Defendant City of Hayward denies that Plaintiffs are entitled to any such relief. To the extent paragraph 80 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

## FIRST CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME WAGES

**29 U.S.C. 201 *et. seq.***

81. Answering paragraph 81 of the Complaint, Defendant hereby incorporates by reference paragraphs 1 through 80 of this Answer, inclusive, as though set forth fully herein, and similarly denies each and every allegation therein.

//

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

18

82. Defendant City of Hayward denies that it failed to include all required forms of compensation in the regular rate of pay used to calculate overtime compensation or CTO cashout payments for Plaintiffs or any similarly situated individuals. Defendant City of Hayward further denies that it suffered or permitted Plaintiffs or others to work overtime without proper compensation. To the extent paragraph 82 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

83. Defendant City of Hayward denies that it failed to include all requisite forms of compensation in the regular rate of pay used to calculate overtime compensation or CTO cashout payments. Defendant City of Hayward further denies that it failed to compensate Plaintiffs or similarly situated individuals at one and one-half times the regular rate of pay for all overtime hours as required by the FLSA.

84. Defendant City of Hayward denies that it or its agents and representatives failed to comply with any obligation under the FLSA. To the extent paragraph 84 contains additional factual allegations regarding the knowledge or intent of Defendant or its agents, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

85. Defendant City of Hayward denies that it or its agents and representatives failed to comply with any obligation under section 207 of the FLSA. To the extent paragraph 85 contains factual allegations regarding the knowledge or awareness of Defendant or its agents, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

86. Paragraph 86 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond.  To the extent paragraph 86 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

87. Defendant City of Hayward admits that Plaintiffs purport to seek damages for three years' back pay of allegedly unpaid overtime compensation, as well as an equal

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

19

amount in liquidated damages, under the FLSA. Defendant City of Hayward denies that it violated the FLSA or that Plaintiffs are entitled to any such relief.

88. Defendant City of Hayward admits that Plaintiffs purport to seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b). Defendant City of Hayward denies that Plaintiffs are entitled to such relief.

## SECOND CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT- FAILURE TO PAY ALL OVERTIME COMPESNATION EARNED

### 29 U.S.C. 201 *et. seq.*

89. Answering paragraph 89 of the Complaint, Defendant hereby incorporates by reference paragraphs 1 through 88 of this Answer, inclusive, as though set forth fully herein, and similarly denies each and every allegation therein.

90. Defendant City of Hayward denies that it failed to properly calculate the regular rate of pay used to determine overtime compensation or CTO cashout payments for Plaintiffs or any similarly situated individuals. Defendant City of Hayward further denies that it suffered or permitted Plaintiffs or others to work overtime without proper compensation. To the extent paragraph 90 contains additional factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

91. Paragraph 91 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 91 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to these allegations and, on that basis, denies them – except that Defendant City of Hayward denies that its overtime calculation methodology does not comply with the FLSA.

92. Defendant City of Hayward denies that it or its agents and representatives failed to comply with any obligation under the FLSA. To the extent paragraph 92 contains factual allegations regarding the knowledge or awareness of Defendant or its agents,

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

20

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

93. Defendant City of Hayward denies that it or its agents and representatives failed to comply with any obligation under section 207 of the FLSA. To the extent paragraph 93 contains factual allegations regarding the knowledge or awareness of Defendant or its agents, Defendant City of Hayward lacks sufficient knowledge or information to respond to those allegations and, on that basis, denies them.

94. Paragraph 94 of the Complaint consists entirely of statements of law and/or legal argument to which Defendant is not required to respond. To the extent paragraph 94 contains factual allegations, Defendant City of Hayward lacks sufficient knowledge or information to respond to these allegations and, on that basis, denies them.

95. Defendant City of Hayward admits that Plaintiffs purport to seek damages for three years' back pay of allegedly unpaid overtime compensation, as well as an equal amount in liquidated damages, under the FLSA. Defendant City of Hayward denies that it violated the FLSA or that Plaintiffs are entitled to any such relief.

96. Defendant City of Hayward admits that Plaintiffs purport to seek reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b). Defendant City of Hayward denies that Plaintiffs are entitled to such relief.

## PRAYER

In answer to Plaintiffs' Prayer, page 15 line 8 through line 24, Defendant denies each and every allegation contained therein and denies that Plaintiffs are entitled to economic damages, interest, liquidated damages, costs of suit, attorneys' fees, or any other relief.

## AFFIRMATIVE DEFENSES

Defendant raises the following Affirmative Defenses to Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Partial Exemption from Overtime)

Plaintiffs are barred from recovery in whole or in part because Plaintiffs were subject to the partial overtime exemption set forth in 29 U.S.C. § 207(k).

21

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## SECOND AFFIRMATIVE DEFENSE

### (Partial Exemption from Overtime)

Plaintiffs are barred from recovery in whole or in part because Plaintiffs were subject to the partial overtime exemption set forth in 29 U.S.C. § 207(b).

## THIRD AFFIRMATIVE DEFENSE

### (White Collar and other Overtime Exemptions)

Plaintiffs are barred from recovery to the extent they were exempt from the overtime requirements of the FLSA under the highly compensated employee, administrative, professional, executive, and/or computer exemptions, pursuant to 29 U.S.C. §§ 13(a)(1) and 13(a)(17).

## FOURTH AFFIRMATIVE DEFENSE

### (Offset)

Defendant is entitled to offset and/or credit any compensation owed under the FLSA by compensation paid in excess of the statutory minimums pursuant to 29 U.S.C. § 207(h).

## FIFTH AFFIRMATIVE DEFENSE

### (Special Detail Exclusion)

Plaintiffs are barred from recovery to the extent Plaintiffs spent time performing work as part of a special detail pursuant to 29 U.S.C. section 207(p)(1).

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant acted in good faith and had reasonable grounds for believing its conduct was in compliance with the FLSA, thereby precluding any award of liquidated damages to Plaintiffs, pursuant to 29 U.S.C. § 260.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, and Plaintiffs are limited to, at most, a two-year statute of limitations as any alleged violation was not willful, pursuant to 29 U.S.C. § 255(a).

//

22

## EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimis* Time)

Defendant is not required to compensate Plaintiffs for time that is insubstantial, insignificant, or *de minimis.*

## NINTH AFFIRMATIVE DEFENSE

### (Reliance on Written Interpretation)

Plaintiffs' recovery is barred in whole or in part because Defendant adopted policies in conformity with and in reliance on written administrative interpretation issued by the Administrator of the Wage and Hour Division of the Department of Labor, pursuant to 29 U.S.C. § 259.

## TENTH AFFIRMATIVE DEFENSE

### (Relief from Liability for Preliminary and/or Postliminary Activities)

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for activities preliminary to or postliminary to the principal activities Plaintiffs are required to perform, pursuant to 29 U.S.C. § 254(a).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Restriction on Activities Compensable under Contract or Custom)

Plaintiffs' recovery is barred to the extent they seek compensation for activities compensable by contract or custom, pursuant to 29 U.S.C. § 254(b)-(c).

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver. During the course and scope of the activities described in the Complaint, and by their own acts, errors, and omissions, Plaintiffs have waived all claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands. Among other things, Plaintiffs did not actually work the overtime hours reported to Defendant. Plaintiffs'

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

claims are further barred due to Plaintiffs' other acts and omissions, including but not limited to knowledge, acquiescence, consent, approval, ratification, participation and/or failure to notify Defendant of the acts complained of in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches. Plaintiffs have unreasonably delayed commencement of this action such that recovery, if any, should be barred or reduced according to proof at trial.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Collective Bargaining Grievance Procedures)

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to exhaust collective bargaining grievance procedures. To the extent Plaintiffs' claims address disputes within the scope of their memoranda of understanding (MOU), Plaintiffs must follow the grievance procedures of such agreements.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Government Tort Claim)

Plaintiffs' claims are barred for failure to comply with the California Government Claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiffs' claims are barred because Plaintiffs ratified and confirmed the transactions that are the subject of the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate their damages.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Improper Notice)

Plaintiffs' claims are barred for failure to provide notice, thus depriving Defendant of the opportunity to remedy any alleged violations of law.

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

24

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Actual / Constructive Knowledge)**

Defendant lacked actual and constructive knowledge of any underpayment of compensation to Plaintiffs as alleged in the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Suffer / Permit)**

Defendant did not suffer or permit, or otherwise authorize the acts or omissions alleged in Plaintiffs' Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiffs' recovery is barred in whole or in part by equitable estoppel. Plaintiffs should be estopped from asserting claims inconsistent with Plaintiffs' previous positions on the same issues.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Superseding Cause)**

Plaintiffs' claims are barred by a third-party superseding cause not reasonably foreseeable that proximately caused the losses and damages alleged in the Complaint.

**TWENTY- FOURTH AFFIRMATIVE DEFENSE**

**(Novation)**

Plaintiffs' claims are barred in whole or in part by novation.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiffs lack standing to bring suit against Defendant for the claims alleged in the Complaint.

**TWENTY- SIXTH AFFIRMATIVE DEFENSE**

**(Not Similarly Situated)**

This action is not appropriate for collective action treatment because the members of the proposed collective action are not similarly situated.

//

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

25

DEFENDANT CITY OF HAYWARD'S ANSWER TO PLAINTIFFS' COMPLAINT; 4:25-CV-01116-YGR
12895161.5 HA451-052

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Commonality)

This action is not appropriate for collective action treatment because the claims of the allegedly similarly situated employees lack commonality and will require individualized determinations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Inadequate Representative)

This action is not appropriate for collective action treatment because the named Plaintiff in this action is not an adequate representative of those she purports to represent.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiffs' claims are barred in whole or in part because some or all of the allegations in the Complaint are moot.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Defendant has provided an accord and satisfaction of Plaintiffs' claims.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Claims Barred by 29 U.S.C. § 207(g))

Plaintiffs' claims are barred, in whole or in part, and /or offset pursuant 29 U.S.C. § 207(g).

## PRAYER

**WHEREFORE** Defendant prays as follows:

1. That Plaintiffs take nothing by reason of their Complaint and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded its costs of suit incurred in defense of this action;

3. That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

DEFENDANT CITY OF HAYWARD'S ANSWER TO PLAINTIFFS' COMPLAINT; 4:25-CV-01116-YGR
12895161.5 HA451-052

4.  That Defendant be awarded such other and further relief as the Court may deem just and proper.


Dated:  June 5 2025

Respectfully submitted,

LIEBERT CASSIDY WHITMORE


By:  /s/ *Alexandra Clark*
        Lisa S. Charbonneau
        Alexandra Clark
        Michael S. Lawson
        Sangeetha Waltz
        Attorneys for Defendant CITY OF
        HAYWARD

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

27

DEFENDANT CITY OF HAYWARD'S ANSWER TO PLAINTIFFS' COMPLAINT; 4:25-CV-01116-YGR
12895161.5 HA451-052